**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

TYRONE HILL,                              CASE NO.  2:07-cv-891
                                          JUDGE WATSON
          **Petitioner,**            MAGISTRATE JUDGE KEMP

   **v.**

CLIFFORD SMITH, Warden,

     **Respondent.**


**<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice as unexhausted.

According to the petition and exhibits attached, in February 2006, petitioner pleaded guilty in the Licking County Court of Common Pleas in Case Number 05CR592 to possession of cocaine. He was sentenced to community control.  On May 8, 2006, he admitted to violating the terms of his community control.  He was sentenced to eleven months incarceration.  On June 12, 2006, he also pleaded guilty to possession of crack cocaine, drug paraphernalia and driving while his license was suspended.  *See Exhibits to Petition*.  The trial court sentenced him to eleven months, such sentence to be served consecutively to the prior sentence imposed.  The Department of Rehabilitation and Correction thereafter accepted petitioner into its "intensive program prison."  *Exhibit B to Petition*. On October 17, 2006, pursuant to his acceptance into that program, petitioner was granted release

on post release control.  *Exhibit C to Petition*.  On that same date, as he was about to exit the

prison's doors, authorities notified him that he was ineligible for release because the trial judge had

disapproved his acceptance into the program.  *Exhibit D to Petition*.  Petitioner filed a complaint

with prison officials; however, it was dismissed on the basis that no appeal was available.  *See*

*Exhibit E to Petition*.  On April 5, 2007, petitioner filed a state habeas corpus petition with the Ohio

Supreme Court asserting that he was being unlawfully incarcerated; however, on July 25, 2007, the

Ohio Supreme Court dismissed his complaint for failure to attach copies of his commitment papers

as required under O.R.C. §2725.04(D).  *See Exhibits to Petition*.

On September 6, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States as follows:

> Continued incarceration of the petitioner is in violation of his 5th, 6th,
> and 14th Amendment constitutional rights.
>
> The petitioner was sentenced to consecutive terms of 11 months for
> the two cases, for a total of 22 months.  He was then screened for and
> accepted into the "ODRC intensive program prison"[, a] statutorily
> allowed program for non-violent offenders and other offenders
> wherein a prisoner may attend classes and perform other tasks in
> exchange for a "reduced prison term".  The petitioner successfully
> completed his "intensive program prison" on Oct. 16, 2006, his stated
> prison term of 22 months was then lawfully reduced to reflect a
> release date of October 17, 2006, he was assigned a supervising
> officer and ordered to report to that officer.  He was "booked out" of
> prison, was walking out the door to release, and being released, when
> he was informed that his prison term reduction was being revoked
> and that the original prison term was being re-imposed.  He was
> prevented from leaving, taken back to the prison compound, and
> remains there unlawfully.  The ODRC/APA had no authority or
> jurisdiction to re-impose the previously reduced term without due
> process of law.  The petitioner is now being held unlawfully against
> his right to liberty and has been kidnapped into unlawful pieonage
> [sic] and servitude by the ODRC/APA.

2

The record indicates that petitioner still has available state court remedies as to his claim and the Magistrate Judge therefore **RECOMMENDS** that this action be dismissed without prejudice as unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner still may file a petition for a state writ of habeas corpus under O.R.C. §2725.01 et seq. or a petition for a writ of mandamus pursuant to Ohio Revised Code §2731.01. *See Papenfus v. Tibbals,* 289 F.Supp.2d 897, 900-901 (N.D. Ohio 2007), and cases cited therein. Although petitioner previously filed a state habeas corpus petition with the Ohio Supreme Court, that action was dismissed due to his failure to comply with the State's rule requiring attachment of his commitment papers. *See Exhibits to Petition.* That dismissal should not prevent petitioner from refiling a state habeas petition or a mandamus action, so that he still has a state court remedy available, and it was his failure to attach a document to his first petition that prevented the state court

3

from reaching the merits of his claim.  Under these circumstances, petitioner has simply not given the state court a fair opportunity to consider the merits of the claim he has presented here, so he has not properly exhausted his state court remedies.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
/s/ Terence P. Kemp
United States Magistrate Judge
```

4